IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JERRY ALEXANDER MENCHU,**                3:12-cv-01366-AC

       **Plaintiff,**                ORDER

v.

**UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,**

       **Defendant.**

**BROWN, Judge.**

    Magistrate Judge John V. Acosta issued Findings and Recommendation (#35) on July 1, 2013, in which he recommends this Court deny Defendant's Motion (#20) for Summary Judgment, grant Plaintiff's Cross-motion (#24) for Summary Judgment, and order Defendant to provide to Plaintiff an unredacted copy of the "Notes" (*i.e.,* the three pages of notes from a telephone interview conducted on March 13, 2012).

    Defendant filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Defendant argued before the Magistrate Judge that the Notes were protected under the law-enforcement exemption of the Privacy Act, 5 U.S.C. § 552a(k)(2). The Magistrate Judge found Defendant's arguments were not persuasive, and, as noted, the Magistrate Judge recommended this Court order Defendant to provide to Plaintiff an unredacted copy of the Notes.

Defendant now, however, objects to the Findings and Recommendation by arguing that the interview notes are protected under 5 U.S.C. § 552a(d)(5), a separate provision of the Privacy Act that provides an individual shall not be allowed "access to any information compiled in reasonable anticipation of a civil action or proceeding." Courts have construed this exemption to shelter documents prepared in anticipation of *quasi-judicial* hearings when those hearings are adversarial, include discovery proceedings, and are subject to the rules of evidence. *See, e.g., Martin v. Office of Special Counsel, Merit Sys. Protection Bd.,* 819 F.2d 1181, 1188 (U.S. App. D.C. 1987). The § 552a(d)(5) exemption is not confined to the work-product privilege and was

intended to afford broad protection to "any information compiled in reasonable anticipation of a civil action or proceeding . . . prepared by either a potential party to such a proceeding or by a potential *material participant* in that same proceeding." *Mobley v. C.I.A.,* Nos. 11-2072, 11-2073 (BAH, 2013 WL 452932, at *31 (D.D.C. Feb. 7, 2013). This exemption also extends to investigatory documents. *Id.,* at *30.

In Defendant's Motion (#20) for Summary Judgment, Defendant submitted evidence that the documents at issue are notes of an interview conducted during the investigation of Plaintiff's civil-rights complaint by the Office of Civil Rights. Connor Decl. (#22) at 2-3; Eckert Decl. (#23) at 3, ¶6. Although Plaintiff does not dispute the interview notes were compiled during the official investigation of his civil-rights complaint, he argues the notes "were created as a result of merely a 'compliance evaluation' and not prepared prior to litigation." Pl.'s Resp. (#39) at 2.

On this record the Court concludes factual and legal disputes exist as to whether these documents were prepared "in reasonable anticipation of a civil action or proceeding" within the meaning of 5 U.S.C. § 552a(d)(5). It appears that additional briefing and proceedings may be required to resolve this issue.

As to the remaining findings and recommendations of the Magistrate Judge, the Court has carefully considered Defendant's

arguments and concludes they do provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#35) **except** as set out above and, accordingly, **REFERS** this matter back to Magistrate Judge Acosta for further limited proceedings.

IT IS SO ORDERED.

DATED this 14th day of August, 2013.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

4 - ORDER