IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JERRY ALEXANDER MENCHU,** | 3:12-CV-01366-AC |
| Plaintiff, | ORDER |
| v. | |
| **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,** | |
| Defendant. | |

**BROWN, Judge.**

  Magistrate Judge John V. Acosta issued Findings and Recommendation (#52) on February 11, 2014, in which he recommends this Court grant Defendant's Motion (#20) for Summary Judgment and deny Plaintiff's Cross-Motion (#24) for Summary Judgment. Plaintiff filed timely Objections to the Findings and

1 - ORDER

Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Plaintiff asserts in his Objections that the Magistrate Judge erred when he concluded the three pages of interview notes at issue in this matter were exempt from disclosure under 5 U.S.C. § 552a(d)(5) of the Privacy Act because, according to Plaintiff, the notes are not exempt under § 552a(k)(2) and exemptions in § 552a(j) and § 552a(k) should be used "before utilizing" § 552a(d)(5).  The exemptions listed in § 552a of the Privacy Act, however, limit access to an individual's records based on specific circumstances.  There is not any provision in the Privacy Act for application of the exemptions in a particular order or for a particular priority of exemptions.  The Court, therefore, concludes the Magistrate Judge did not err when he concluded the interview notes were exempt from disclosure under § 552a(d)(5) even if they were not exempt from disclosure under § 552(k).

Plaintiff also contends in his Objections that the interview

2 - ORDER

notes were related to an investigation by the Office for Civil Rights (OCR) that is now closed and "post-decisional" documents must be disclosed.  The exemption in § 552a(d)(5), however, exempts from disclosure information complied in reasonable anticipation of a civil action or agency proceeding.  There is not any indication in the statute or in case law that the exemption does not apply after the civil action or proceeding is closed.  The Court, therefore, concludes the Magistrate Judge did not err when he concluded the interview notes were exempt from disclosure under § 552a(d)(5) even though the OCR investigation was closed.

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#52) and, therefore, **GRANTS** Defendant's Motion (#20) for Summary Judgment and **DENIES** Plaintiff's Cross-Motion

(#24) for Summary Judgment.

    IT IS SO ORDERED.

    DATED this 21st day of March, 2014.

                                       /s/ Anna J. Brown

                                       ANNA J. BROWN
                                       United States District Judge